# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BARRY BLACKMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:10-cv-00822 |
| ) | Judge Trauger |
| JENNIE L. JOBE, ) | |
| ) | |
| Respondent. ) | |

## M E M O R A N D U M

The court has before it a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket Nos. 1 and 12). The petitioner, proceeding *pro se*, is an inmate at the DeBerry Special Needs Facility in Nashville, Tennessee.

## I.     Introduction

According to the petition, on an unidentified date, the petitioner pled guilty to an unnamed offense (or offenses) in a Shelby County, Tennessee court, and the petitioner was sentenced to serve thirty-six (36) years for his crime(s). (Docket No. 12 at p.1).

The petitioner states that he did not seek a direct appeal of his conviction or sentence. Nor did he seek state post-conviction relief. (Docket No. 12 at pp. 1-4). The petitioner's federal *habeas corpus* petition was filed on August 31, 2010. (Docket No. 1). The court sought additional information from the petitioner by order entered on December 9, 2010 (Docket No. 8), and the petitioner replied (Docket No. 12).

## II.    Standard for Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id*.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

### III. Preliminary Review of Petition

In this case, the court's preliminary review under Rule 4, Rules – Section 2254 Cases reveals at least one potential deficiency with the petitioner's § 2254 petition: failure to exhaust state court remedies.

### A.   Exhaustion of State Court Remedies

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

The burden of showing compliance with the exhaustion requirement rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)(overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)); *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987). Here, the petitioner has not established that he has exhausted his claims in state courts, or that he has taken any steps to reconcile his complaints prior to filing this petition. Given the absence of a claim that state court remedies are futile or unavailable, it appears that the petitioner has failed to exhaust his state court remedies prior to filing this action. Where, as here, a *habeas corpus* petitioner fails to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. *Rose v. Lundy*, 455 U.S. at 522.

Acknowledging that the prisoner is proceeding *pro se*, the court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed for failure to exhaust his state court remedies.

**B.     Timeliness**

The record before the court contains insufficient information regarding the petitioner's underlying conviction. For example, the petition does not contain the date of the judgment or conviction. This information is critical to the court's review of the petition. The court's own research was unable to uncover this information. The court therefore is unable to determine the date on which the petitioner's judgment became final by conclusion of direct review. Consequently, the court cannot ascertain whether the petition was filed in a timely manner. Rule 4, Rules – Section 2254 Cases.

The court has the authority to *sua sponte* raise the statute of limitations and dismiss untimely motions for federal *habeas corpus* relief. *See Day v. McDounough*, 547 U.S. 198, 209 (2006). Accordingly, the petitioner must provide the court with this critical information.

**V.     Conclusion**

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed for failure to exhaust state court remedies. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed. The petitioner also should provide the court with all relevant dates pertinent to his underlying conviction(s).

4

An appropriate order will be entered.

*signature*
Aleta A. Trauger
United States District Judge